IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

D.L.F.,1

        Plaintiff,

Vs.                                            No. 21-2243-SAC

KILOLO KIJAKAZI,
Acting Commissioner of Social Security2,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the motion of the defendant Commissioner of Social Security ("Commissioner") to dismiss the plaintiff D.L.F.'s complaint as untimely pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. ECF# 11. The plaintiff's complaint was filed May 27, 2021, (ECF#1-1,), along with a motion for leave to file out-of-time (ECF## 1 and 3). In the motion, the plaintiff's counsel admits the "out-of-time" complaint was due to his failure to calendar the filing deadline and to his involvement in other litigation. The motion further asserts "undue hardship" would come to the plaintiff from the complaint not being filed. *Id*.

---

1 The use of initials is to preserve privacy interests.
2 On July 9, 2021, Kilolo Kriakazi was named acting Commissioner of Social Security replacing Andrew M. Saul.

1

Because the complaint had already been filed, the court simply denied the plaintiff's motion for leave as moot. ECF# 4. The court also withheld ruling on the timeliness of complaint's filing pending any motion to dismiss brought on that ground. *Id.*

The Commissioner did file the pending motion to dismiss and attached a declaration with supporting exhibits all of which set out the relevant dates. ECF# 11-1. The plaintiff concedes her complaint was not timely filed and acknowledges that the ALJ's decision became final on March 6, 2021, that the sixty-day deadline for filing her federal complaint expired on May 5, 2021, and that her complaint was not filed until 22 days later. ECF# 12. The plaintiff also concedes that the Appeals Council did not find good cause for her request for additional time. ECF# 12. The plaintiff does not request this court to review the Appeal Council's good-cause determination and makes no showing that the Appeals Council erred in its determination. Instead, the plaintiff limits her arguments first to explaining that the late filing was caused by counsel's inadvertence despite a good faith effort and second to asking for equitable tolling because of the undue hardship by this long-pending case not being reviewed. ECF# 12, pp. 1-2. The plaintiff cites no case law involving similar circumstances that would support either argument. The time for the government to file a reply brief

has expired, so the pending motion is ripe for ruling. The court hereby grants the Commissioner's motion to dismiss for failure to state a timely claim for relief.

The court's authority to review a Commissioner's findings or decision is limited to that provided in 42 U.S.C. § 405. *See* 42 U.S.C. § 405(h). Thus, an individual may obtain judicial review of a Commissioner's final decision if "a civil action [is] commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This "60-day limit is a statute of limitations" and as "a condition on the waiver of sovereign immunity . . . must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

This statute of limitations, however, is subject to equitable tolling principles. *Id*. at 480. These equitable tolling principles are not satisfied by a mere showing of counsel's good faith or good cause or by simply showing undue hardship coming to the plaintiff with dismissal. A limitations period may be equitably tolled if the petitioner diligently pursues his claims **and** demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007); *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th

Cir. 2007) (for equitable tolling under § 405(g), a claimant must justify her untimely filing by a showing of extraordinary circumstances); *Torres v. Barnhart*, 417 F.3d 276, 279 (2nd Cir. 2005) (the doctrine of equitable tolling permits courts to deem filings as timely when the litigant can show diligence in pursuing his rights **and** some extraordinary circumstance standing in his way). The second prong of the equitable tolling test is met "only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256 (2016).

In this case, the plaintiff has made no attempt at showing any extraordinary circumstance beyond her control that stood in her way and prevented her from timely filing this judicial review action. Consequently, the court is without a ground for equitably tolling the statute of limitations. The plaintiff's argued circumstances here for not timely filing could be called, at best, excusable neglect which is insufficient to warrant equitable tolling. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) (in rejecting equitable tolling based on counsel's absence from the office, the Court said, "the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect"); *see also Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (mere attorney negligence is a

"garden variety claim of excusable neglect," and "a simple miscalculation that leads a lawyer to miss a filing deadline, . . . does not warrant equitable tolling"); *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007) ("attorney negligence is not extraordinary," and "attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling." (internal citations omitted)). The plaintiff has not presented any recognized equitable basis for tolling the limitations period. Failing to show that her untimely filing of the complaint was caused by extraordinary circumstances beyond her control, the court may not apply equitable tolling and must dismiss the plaintiff's complaint as untimely for being filed after the running of the 60-day period of limitations in 42 U.S.C. § 405(g). Thus, the plaintiff's complaint is time barred, and the court grants the defendant's motion to dismiss with prejudice.

IT IS THEREFORE ORDERED that the Commissioner's motion to dismiss (ECF #11) the plaintiff's complaint as untimely pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief is granted.

Dated this 22nd day of November, 2021, Topeka, Kansas.

      /s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge